UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOEY WINSTON, KING PRINCE JOEY VERNNARD WINSTON JUNIORS, PRINCESS GWINS, AND PRINCESS WINSTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAVANNAH POLICE DEPARTMENT, *et. al.*<br><br>Defendants. | CV419-235 |

## REPORT AND RECOMMENDATIONS

Joey Winston, a prisoner at the Chatham County Sheriff's Complex, purporting to act on behalf of his family members, has submitted a 42 U.S.C. § 1983 Complaint alleging numerous incoherent and unsubstantiated offences. *See* doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. After reviewing plaintiff's application, it appears that he possesses sufficient resources to prepay the filing fee. Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* should be **DENIED**.

Plaintiff has indicated that he received income from multiple sources during the previous year, though he did not specify the amount.

Doc. 2 at 1–2.  He has also claimed holding $40,000 in a prisoner trust account and possessing homes, automobiles, and "others [sic] valuable propertiy [sic]."  Doc. 2 at 2.  While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages).

Two important points must be underscored.  First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing

fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Though the Court is skeptical as to the accuracy of the information provided by Plaintiff, it accepts that information as true. Given that Plaintiff has claimed multiple sources of income, non-liquid assets, and $40,000 in a prisoner trust account, he is not indigent. Therefore, the motion for leave to proceed IFP should be **DENIED** and his Complaint should be **DISMISSED WITHOUT PREJUDICE**.

Furthermore, Plaintiff Joey Winston cannot, acting *pro se*, bring suit on behalf of the other named plaintiffs—King Prince Joey Vernnard Winston Juniors, Princess Gwins, and Princess Winston—which the court assumes to be members of his family. While the law may recognize a party's right, in some circumstances, to proceed in a representative capacity, that capacity does not entitle the representative to pursue the case *pro se*. *See Weber*, 570 F.2d at 514 ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice

for the unauthorized practice of law."). Even parents permitted to pursue a claim on behalf of their own minor children may not litigate *pro se*. *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkleman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)); *Oliver v. Southcoast Medical Grp., LLC*, 2011 WL 2600618 at * 1 (S.D. Ga. June 13, 2011). Non-attorney parents are not allowed to proceed *pro se* on their children's behalf "because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Oliver*, 2011 WL 2600618 at * 2 (quotes and cite omitted). That rationale applies with equal, if not greater force, to prisoners. As such, the claims of Plaintiffs King Prince Joey Vernnard, Winston Juniors, Princess Gwins, and Princess Winston should be **DISMISSED as moot**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of October, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA